IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFONZO WELLS, JR.,

       Plaintiff,

  v.

LUCAS WINKER, SGT. HEISER, DEVIN
ANDERSON, J. UNDERLY, MICHAEL POLASKY,
JOURNAL TIMES, LEE ENTERPRISE NEWSPAPER,
SGT. NEIGHBORS, MIKE BOYD, RAYMOND
ROBERT RUTZ, III, KURT HEISER, JAMES WILLIS,
and ANDREW WILLIS,

       Defendants.

           OPINION and ORDER

            25-cv-1033-jdp

---

ALFONZO WELLS, JR.,

       Plaintiff,

  v.

RACINE COUNTY JAIL, WILLIAM DALE,
SECURUS, ARAMARK, ANDERSON, SERGEANT
HESTHAVEN, LETICA, RACINE COUNTY JAIL
MEDICAL, C.O. NOONAN, RACINE
COUNTY/COUNTY OF RACINE, AVENTIVE, EVAN
GLASER, and CHAD CORNELL,

       Defendants.

           OPINION and ORDER

            26-cv-204-jdp

---

Plaintiff Alfonzo Wells, Jr., proceeding without counsel, has filed two lawsuits, one that is primarily about the actions of law enforcement and one that is primarily about his conditions at the Racine County jail. Neither case has gotten off the ground because Wells has not made his initial partial payments of the filing fees, which are required by statute because Wells is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(b)(1) (requiring prisoners to submit an initial partial payment); *Kalinowski v. Bond*, 358

F.3d 978, 978–79 (7th Cir. 2004) ("Pretrial detainees are prisoners for purposes of the PLRA because they are in custody while accused of violations of criminal law.") (internal quotation marks and alterations omitted). Generally, the court must receive the initial partial payment of the filing fee before it considers the merits of the case. *See Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996); *Teague v. Mayo*, 553 F.3d 1068, 1071 (7th Cir. 2009).

In Case no. 25-1033 (the '1033 case), Wells has filed multiple requests to waive or defer his initial partial payment. He initially stated that he could not pay the fee because he did not have any money in his account and he had no ability to pay the filing fee. Dkt. 3. But his trust fund account showed a balance of $261.77 and average monthly deposits into his account averaging $253.22, Dkt. 4, so Magistrate Judge Wiseman denied Wells's request to waive the initial partial payment and assessed a payment of $50.64 using the formula in § 1915(b)(1), Dkt. 5.

In Case no. 26-204 (the '204 case), Wells also moved to waive the initial partial payment, again alleging that he had a zero balance in his account and that jail staff were refusing to send his trust fund account statement. Dkt. 6. A few days later, the court received Wells's trust fund account statement, showing that he is still receiving regular deposits and has a balance of more than $200. Dkt. 8. Magistrate Judge Wiseman did not expressly rule on Wells's motion to waive the initial partial payment, but the motion was implicitly denied when Magistrate Judge Wiseman assessed an initial partial payment of $48.59. (To clarify the record, I will expressly deny that motion now.)

In the '1033 case, Wells filed multiple motions for an extension of time to make his initial partial payment. In his first motion, he said that he had mailed a money order to the court, but he asked for more time for the payment "to arrive." Dkt. 6. In his second motion,

he said nothing about the money order, but instead asked the court for an extension "to give [him] time to receive all [his] money from the jail at Racine County, as [he has] been moved back and forth to another facility." Dkt. 9. Magistrate Judge Wiseman granted the requests for more time and set a new deadline. Dkt. 10.

Wells then filed another motion to waive the initial partial payment, alleging that the jail's "computer system" was "down," and would be down "for a couple more weeks," and that was preventing him from sending his initial partial payment. Dkt. 11. Wells also alleged that correctional officers had "intentionally destroyed 3 checks" that should have been deposited into his account. *Id.* He provided no details about this allegation and no documentary evidence to support it, and he did not allege that any destruction of checks prevented him from making the initial partial payment. Magistrate Judge Wiseman denied the motion to waive the fee, reasoning that the court was required by statute to collect the filing fee, but he granted another extension to pay the fee. Dkt. 13.

That brings us to the present. Wells has filed another motion for an extension of time to make an initial partial payment of the filing fee in the '1033 case. Dkt. 17. In this motion, Wells alleges that he is trying to make the initial partial payment, but jail staff are refusing to send the payment. Specifically, he alleges that he "submitted a self bond slip on 02/24/26 to property at Racine County jail requesting $50.64 be taken from [his] account" to send to the court. *Id.* at 3. Wells does not explain what a "self bond slip" is, but he attaches a copy of a form called "Inmate request/complaint" addressed to "Property Supervisor" in which he asks that $50.64 be sent to the court for his initial partial payment.  Dkt. 19-1. The request also states that Wells had previously submitted seven "self bond slips" making the same request between December 2025 and April 2026. At the bottom of the form is a space for the signature

3

of the "deputy/clerk" who received the complaint. There is illegible handwriting in that space, along with the date of April 1, but the document includes no response to the request.

Wells has not filed any requests for extensions of time in the '204 case, even though his initial payment in that case was due April 13. But he makes a similar allegation that jail staff are refusing to submit his initial partial payment.  Dkt. 12.

I view Wells's most recent request for an extension of time in the '1033 case with some skepticism. Wells initially made inaccurate statements about his ability to make an initial partial payment of the filing fee. Since then, he has provided new reasons for seeking an extension or waiver each time he has made a new request. None of the new requests explain why the reason has changed. For example, Wells represented in his submission dated January 5, that he had already sent the court the initial partial payment, but he just needed time for the payment "to arrive," Dkt. 6, but the court never received that payment, and Wells has not repeated his assertion that payment was sent. Nor has he explained why he made that assertion in the first place. He also does not explain why he did not mention sooner his allegation that jail staff have been refusing to submit a payment since December 2025.

Having said that, the "inmate request/complaint" is some evidence that Wells is attempting to make his initial partial payment. Though even that evidence is far from clear because it does not identify who received the request or how that person responded to it.

At this point, I will give Wells the benefit of the doubt and give him one more opportunity to make his initial payment in both the '1033 case and the '204 case. If it is true that jail staff are refusing to submit Wells's initial partial payment to the court, Wells should present this order to jail staff and direct them to the following statement: jail staff are obligated under 28 U.S.C. § 1915(b) to facilitate a prisoner's payment of the filing fee. If jail staff believe

that they may not or cannot submit that payment, they should explain their position in writing and send it to the court directly or provide a written response to Wells that he can provide to the court. Wells's new deadline for submitting his initial partial payment in both cases will be June 1.

If Wells follows these instructions, but he is unable to persuade jail staff to submit a payment, he must submit the following to the court by June 1: (1) all documents that support his allegations that jail staff are refusing to submit his initial partial payments in both cases, including any written communications from jail staff about this issue; (2) an affidavit or declaration signed under penalty of perjury that describes in detail everything he has done to make his initial partial payment and everything jail staff have done to prevent that, providing the names of any jail staff involved and the dates of all relevant events; and (3) an affidavit or declaration signed under penalty of perjury that explains why Wells initially represented that he was unable to pay the filing fee in both cases, and why he later represented that he had already sent the initial partial payment to the court in the '1033 case.[1]

If Wells does not submit his initial partial payments or comply with the above instructions by June 1, I will dismiss both cases without prejudice for failing to submit an initial partial payment of the filing fee. If it is later shown that Wells intentionally made any false or misleading representations to the court, I will impose sanctions on Wells, including dismissal of both cases with prejudice.

---

[1] A signed and dated declaration is under penalty of perjury if it includes the following statement: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746.

Two final points. First, Wells has filed a motion in both cases in which he asks for a "substitution" or an "appointment" so that "the chief district court judge" is presiding over the case rather than Magistrate Judge Wiseman.  I will deny that motion as unnecessary. This case was assigned to me when Wells filed it. Magistrate Judge Wiseman handled issues related to the initial partial payment because that is what he does in all cases involving requests to proceed in forma pauperis under 28 U.S.C. § 1915. But I will be handling decisions on the merits of the case, including screening the complaint, as well as any decisions that could result in dismissal of the case.

Second, Wells has filed multiple motions that relate to issues unrelated to his initial partial payment or screening of the complaint. Specifically, in the '1033 case, he has filed a motion for assistance in recruiting counsel, Dkt. 19, and in the '204 case, he has filed a motion related to the exhaustion of administrative remedies, Dkt. 17. These are both premature and will be denied without prejudice. I cannot consider Wells's counsel request until after he has submitted his initial partial payment and I have screened his complaint. He may renew his request after that. As for the exhaustion issue, it is defendants' burden to show that he did not exhaust, *see Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018), so Wells does not need to submit any exhaustion materials unless defendants move for summary judgment on that issue. At this point, Wells should focus on making his initial partial payments so that both cases can be screened.

## ORDER

IT IS ORDERED that:

1.  Alfonzo Wells, Jr.'s motion in Case no. 26-cv-204-jdp to waive the initial partial filing fee, Dkt. 6, is DENIED.

2. Wells's motion for a substitution of judge in Case no. 26-cv-204-jdp, Dkt. 12, and his motion to appoint the chief district judge in Case no. 25-cv-1033-jdp, Dkt. 21, are DENIED as unnecessary.

3. Wells's motion for an extension of time to make an initial partial payment in Case no. 25-cv-1033-jdp, Dkt. 17, is GRANTED. Wells may have until June 1 to submit his initial partial payments of $50.64 in Case no. 25-cv-1033-jdp and $48.59 in Case no. 26-cv-204-jdp. If Wells does not meet that deadline, and he does not follow the instructions in this order for showing why he cannot meet the deadline, I will dismiss both cases without prejudice.

4. Wells's motion for assistance in recruiting counsel in Case no. 25-cv-1033-jdp, Dkt. 19, is DENIED without prejudice.

5. Wells's motion regarding exhaustion of administration remedies in Case no. 26-cv-204-jdp, Dkt. 17, is DENIED without prejudice.

6. The clerk of court is directed to send Wells two copies of this order so that he can give one copy to jail staff.

Entered May 5, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

7