IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALFONZO WELLS, JR.,

Plaintiff,

v.

RACINE COUNTY JAIL, WILLIAM DALE, SECURUS, ARAMARK, ANDERSON, SERGEANT HESTHAVEN, LETICA, RACINE COUNTY JAIL MEDICAL, C.O. NOONAN, RACINE COUNTY/COUNTY OF RACINE, AVENTIVE, EVAN GLASER, and CHAD CORNELL,

Defendants.

ORDER

26-cv-204-jdp

Plaintiff Alfonzo Wells, Jr., proceeding without counsel, is a prisoner at the Racine county jail. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. But it is not clear what Wells wants the court to screen. Since filing his complaint, Wells has filed a dozen "supplements" and "affidavits" that contain new allegations, along with various other documents. *See* Dkts. 2, 4, 7, 10, 11, 13, 14, 15, 16, 19, 22, 24, and attachments. Some of these filings have captions, some do not. Some with captions do not identify all the defendants.[1]

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and to identify the relief sought. This rule is violated when the allegations are strewn across a dozen documents. It would be virtually impossible for the court to screen such a disorganized presentation or for the

[1] The caption in this order includes only the defendants identified in the caption of the original complaint.

defendants to file an answer. "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798-02 (7th Cir. 2011).

So the complaint and all supplements are DISMISSED without prejudice for failure to provide fair notice. Wells may have until September 21 to file an amended complaint that includes all of the allegations that he wishes to assert in this case, includes all defendants in one caption, numbers each paragraph, and otherwise complies with Rule 8.

Wells must also comply with Federal Rule of Civil Procedure 20, which requires plaintiffs to join in one complaint only related claims against the same group of defendants. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (a complaint should be "confined to one group of injuries and defendants"); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits."). Wells should review his allegations for compliance with Rule 20 before concluding that all of them belong in the same lawsuit.

If Wells does not respond by September 21, or if his amended complaint does not comply with Rule 8 and Rule 20, I will dismiss the case for failure to state a claim, direct the clerk of court to enter judgment, close the case, and record a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

One last point. Wells should take care to write clearly and neatly when drafting an amended complaint. Wells' initial complaint is relatively easy to read, but some of Wells's

subsequent filings have been both sloppy and faintly written. If the complaint is illegible, I cannot screen it.

Entered August 31, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge