IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFONZO WELLS, JR.,

Plaintiff,

v.

RACINE COUNTY JAIL, SECURUS, ARAMARK AVENTIVE, SERGEANT ANDERSON, C.O. NOONAN, EVAN GLASER, CHAD CORNELL, RACINE COUNTY/COUNTY OF RACINE, and SERGEANT HESTHEAVEN,

Defendants.[1]

OPINION and ORDER

26-cv-204-jdp

---

Plaintiff Alfonzo Wells, Jr., proceeding without counsel, has filed two documents that require attention: (1) an amended complaint; and (2) a motion in which he asks the court to transfer him to a different jail. For the reasons below, I conclude that the amended complaint violates Federal Rule of Civil Procedure 20 and that I cannot transfer Wells to another county's jail. I will give Wells another opportunity to file a complaint that complies with the Federal Rules of Civil Procedure.

## ANALYSIS

### A. Screening of the amended complaint

Wells originally filed approximately a dozen documents about alleged violations of his rights in the Racine County jail. I dismissed these documents under Federal Rule of Civil

---

[1] Wells's caption includes the phrase "et al" at the end of the list of defendants. All defendants must be named in the caption of the complaint, *see Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005), so I do not consider the possibility of claims against other, unnamed defendants.

Procedure 8 because they failed to provide fair notice of his claims. I gave him an opportunity to file an amended complaint, but I advised him that his complaint must comply with both Rule 8 and Rule 20, which prohibits a plaintiff from bringing unrelated claims in the same lawsuit. Dkt. 25; *see also Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012) (a complaint should be "confined to one group of injuries and defendants"); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits.").

The amended complaint does not comply with Rule 20 because Wells is asserting two types of unrelated claims against different defendants. First, he says that private companies Securus, Aventive, and Aramark, along with employee Evan Glasner overcharged him for telephone services and are refusing to provide a refund. Second, he says that jail staff members Anderson, Hestheaven, and Noonan deprived him of the ability to shower, groom himself, or use the phone for numerous 48-hour periods while he was in segregation from February 2026 to January 2027.[2] These two sets of claims are about entirely different issues and they are against different sets of defendants. Neither the facts nor the law overlap on the two sets of claims.

Wells seems to try to connect the two sets of claims with an allegation that jail defendants put him in segregation "to intentionally keep [Wells] from contacting Securus Customer Service." Dkt. 27, at 7. But that is just a conclusion, and it makes little sense. Why would three correctional officers care whether a prisoner contacted the customer service department of a private company? Wells does not say, and he provides no factual basis to

[2] The caption of Wells's amended complaint also names Chad Cornell and Racine County, but the body of the complaint includes no allegations against those defendants.

support a belief that his placement in segregation had anything to do with Securus. Even at the pleading stage, allegations must be plausible, *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), and this one is not.

Even if it were reasonable to infer that the Wells's placement in segregation was caused by his complaint about Securus, I would not allow the claims to be joined. The court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to maintain all the claims in one lawsuit, even when they otherwise satisfy the requirements of Rule 20. *See Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (court may sever claims under Fed. R. Civ. P. 21 when differences between the claims predominate over common questions); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to sever claims in interest of justice even when standard under Rule 21 is not satisfied). It simply would not make sense to try in the same case claims against a private phone company about overcharging and claims against jail staff about the conditions of segregation. There are too many differences between the two sets of claims. Discovery would be unwieldy, and a joint trial would be confusing and impractical.

I will give Wells one more opportunity to file an amended complaint that complies with Rule 8 and Rule 20. *See Dorsey v. Varga*, 55 F.4th 1094, 1107–08 (7th Cir. 2022) ("If joinder is improper, the court . . . may strike the complaint and grant leave to replead"). If Wells does not want to pay another filing fee, he will have to choose between asserting claims about the allege phone overcharges and the alleged conditions of segregation. If he wants to assert both sets of claims, he will have to file two complaints, and he will be assessed another filing fee. *See id.*

**B. Motion to transfer jails**

Wells filed a document he calls "Motion: relocation of Plaintiff under abnormal circumstances, Defendant Brutality, Imminent Danger, Defendant/Plaintiff conflict of interest." Dkt. 26. In the document, Wells alleges that he was physically assaulted by a correctional officer named Prescott in August 2026 and sexually assaulted by an unnamed Racine County jail staff member in May 2026. He also says that he was falsely charged with battery in May 2026. He states that he is in imminent danger because of this past conduct, and he asks that the court transfer him to the Kenosha County jail or other jail while his criminal cases are pending.

I will deny this motion for three reasons. First, I am not aware of any authority that a federal court has to require one county to accept custody of a prisoner currently in another county's custody. These are different governments with separate law enforcement agencies. Wells does not allege that Kenosha County or any other is related in any way to any of his allegations. For that reason alone, transfer is not appropriate.

Second, Wells's motion is essentially a request for preliminary injunctive relief. A plaintiff seeking a preliminary injunction "must . . . ground [his] right to relief on events described in the complaint, not on matters that arise later." *Chicago Reg'l Council of Carpenters v. Vill. Of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). This lawsuit has nothing to do with an alleged physical or sexual assault or with pending criminal charges. Wells tries to connect the conduct alleged in his

motion with the conduct alleged in his complaint by alleging that the new conduct is the result of retaliation for filing this lawsuit. But he provides no basis for the belief.

Third, one of the requirements for obtaining injunctive relief is evidence that the plaintiff is likely to be irreparably harmed without an injunction. *K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 613–14 (7th Cir. 2024). In this case, Wells says that he is in imminent danger, but that is another unsupported allegation. He cites no evidence to suggest that the past incidents he discusses in his motion are related or that they are likely to happen again. In fact, he provides almost no details about the alleged assaults, and he does not explain why he believes that the criminal charges are false.

If Wells believes that jail staff assaulted him in violation of his constitutional rights, he may file a separate lawsuit about that conduct (and pay a separate filing fee). But he cannot obtain relief for that conduct in the context of this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfonzo Wells, Jr.'s amended complaint, Dkt. 27, is DISMISSED without prejudice because it violates Federal Rule of Civil Procedure 20. Wells may have until October 2, 2026, to file an amended complaint that complies with the Federal Rules of Civil Procedure. If Wells does not respond by the deadline, I will dismiss the case for failure to prosecute.

2. Wells's motion for a jail transfer, Dkt. 26, is DENIED.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge